UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAUL BERUBE, : | |
|     Plaintiff, : | |
| : | |
|     -vs- : | Civil No.  3:06cv197 (PCD) |
| : | |
| GREAT ATLANTIC & PACIFIC TEA : | |
| COMPANY, INC., : | |
|     Defendant. : | |

## RULING ON PLAINTIFF'S MOTION TO COMPEL

Plaintiff moves, pursuant to Federal Rule of Civil Procedure 37, for an order compelling Defendant Great Atlantic and Pacific Tea Company, Inc. ("A&P") to fully and completely respond to Plaintiff's First Set of Interrogatories and Requests for Production, dated June 28, 2006.  For the reasons stated herein, Plaintiff's Motion to Compel [Doc. No. 19] is **granted** and Plaintiff's Plaintiff's Motion for Extension of Time to Disclose Experts and Provide Damages Analysis [Doc. No. 20] is **granted in part**.

I.   BACKGROUND

This is an age and disability discrimination action arising out of Defendant's termination of Plaintiff's employment on December 22, 2003.  Plaintiff commenced this action in February 2006.  On June 27, 2006, Defendant served its first set of discovery requests on Plaintiff, requesting, *inter alia*, that Plaintiff execute medical authorizations to allow for third-party discovery regarding Plaintiff's alleged disability.  The next day, on June 28, 2006, Plaintiff served his First Set of Interrogatories and Requests for Production on Defendant.

Plaintiff responded to Defendant's discovery request on July 27, 2006, and in that response, objected to executing the authorizations without entry of a confidentiality stipulation

and protective order and enclosed a proposed order. (Steigman Letter, July 27, 2006, Ex. B to Barry Aff.)  On August 2, 2006, Defendant sent their proposed revisions to Plaintiff's draft Protective Order. (Barry email, Aug. 2, 2006, Ex. C to Barry Aff.)  On August 14, 2006, Plaintiff responded to Defendant's proposed revisions, accepting all of them with a minor exception. (Steigman email, Aug. 14, 2006, Ex. D to Barry Aff.)  Defendant agreed to Plaintiff's exception that day, and the parties filed the Protective Order with this Court on August 16, 2006. (Steigman email, Aug. 16, 2006, Ex. E to Barry Aff.)  During those negotiations, Plaintiff made no demand for or reference to its discovery requests.

      Defendant failed to object or respond to Plaintiff's discovery requests within thirty days of the date of service, as required by the Federal Rules of Civil Procedure.  On August 15, 2006, over two weeks after Defendant's responses and objections were due but without any prompting or inquiry from Plaintiff, counsel for Defendant sent an email to Plaintiff's counsel stating that Defendant and its counsel were "in the process of finalizing our discovery responses, which we hope to get to you shortly." (Barry email, Aug. 15, 2006, Ex. E to Pl.'s Mot. Compel.)  Defense counsel also inquired as to Plaintiff's availability for a deposition. (Id.)  Plaintiff's counsel replied to the email on that same date, requesting that Defendant's responses "be finalized as rapidly as possible because the responses are already more than 2 weeks late." (Steigman email, Aug. 15, 2006, Ex. F to Pl.'s Mot. Compel.)  In response to defense counsel's inquiry regarding Plaintiff's deposition, Plaintiff's counsel stated that he did not know when Plaintiff would be available for a deposition or when Plaintiff's counsel would be able to meet with Plaintiff in order for him to execute the medical authorizations, as he had recently learned that Plaintiff was hospitalized and ordered to remain on bed rest and under twenty-four hour supervision "for the

foreseeable future." (Id.)  On August 22, 2006, Plaintiff's counsel emailed defense counsel in order to update him on Plaintiff's condition and informed him that "[t]he current consensus is that [Plaintiff] is going to remain on bed rest under 24 hour supervision for at least another 4 weeks." (Steigman email, Aug. 22, 2006, Ex. F to Barry Aff.)  Defense counsel responded that same day, inquiring why Plaintiff's bed rest prevented him from signing the medical authorizations. (Barry email, Aug. 22, 2006, Ex. G to Barry Aff.)  Plaintiff's counsel did not respond to that inquiry.

On August 28, 2006, defense counsel advised Plaintiff that if he did not respond to Defendant's August 22, 2006 email by August 30, 2006, Defendant would be forced to contact the Court. (Barry email, Aug. 28, 2006, Ex. H to Barry Aff.)  Plaintiff's counsel responded that same day, stating that "[his] schedule ha[d] not permitted [him] the opportunity to meet with [Plaintiff] and that the medical authorizations were being sent to Plaintiff for his signature." (Steigman email, Aug. 28, 2006, Ex. G to Pl.'s Mot. Compel.)  Plaintiff also asked defense counsel to "[p]lease provide me with a date by which we can expect to receive Defendant's responses to Plaintiff's discovery requests." (Steigman email, Aug. 28, 2006, Ex. G to Pl.'s Mot. Compel.)  That same date, one month after Defendant's responses to Plaintiff's discovery requests were due, Plaintiff received 549 pages of document production from Defendant that were partially responsive to Plaintiff's discovery requests, unaccompanied by any written responses or objections to Plaintiff's interrogatories and document requests.[1]  Counsel for

---

[1] Defense counsel indicates that the responses were mailed, via overnight mail, on August 25, 2006, prior to any demand from Plaintiff other than the parties' August 15, 2006 correspondence, and despite the fact that Plaintiff had still failed to sign the medical authorizations necessary for Defendant to obtain third-party discovery.

3

Defendant wrote that "[f]ormal discovery responses will follow shortly." (Barry Letter, Aug. 25, 2006, Ex. H to Pl.'s Mot. Compel.)

On September 7, 2006, Plaintiff's counsel sent Defendant the executed medical authorizations and indicated that Plaintiff would be seeking the assistance of the Court if complete responses to Plaintiff's discovery requests were not received by 4:00 p.m. on the following day, September 8, 2006.  In that letter, Plaintiff's counsel explained its position that since Defendant had failed to object or respond within the thirty days permitted under the Federal Rules of Civil Procedure, any objections were waived and Plaintiff expected full compliance with the discovery requests. (Steigman Letter, Sept. 7, 2006, Ex. I to Pl.'s Mot. Compel.)

On September 8, 2006, six weeks after the expiration of Defendant's deadline to serve responses, Plaintiff received Defendant's formal written responses to Plaintiff's discovery requests.  These responses included "general" objections as well as objections to many of Plaintiff's individual discovery requests. (See Def.'s Objections and Responses to Pl.'s First Set of Interrogatories, Sept. 8, 2006, Ex. B to Pl.'s Mot. Compel; Def.'s Objections and Responses to Pl.'s First Set of Requests for Production of Documents, Sept. 8, 2006, Ex. C to Pl.'s Mot. Compel.)  On that same day, Plaintiff's counsel sent an email to defense counsel indicating Plaintiff's position that Defendant had waived all of its objections to Plaintiff's discovery requests and therefore, that defense counsel should indicate whether information and/or documents were withheld in response to Plaintiff's discovery requests. (Steigman email, Sept. 8, 2006, Ex. J to Pl.'s Mot. Compel.)  Defense counsel failed to respond to the September 8 email and accordingly, on September 15, 2006, Plaintiff's counsel sent another email to defense counsel inquiring about a response to the earlier email. (Steigman email, Sept. 15, 2006, Ex. K to

Pl.'s Mot. Compel.)  On September 25, 2006, defense counsel sent a letter to Plaintiff's counsel responding to Plaintiff's contention that Defendant had waived its objections to Plaintiff's discovery requests as a result of its failure to make its objections before the expiration of the thirty day deadline and explaining its position on the matter. (Barry Letter, Sept. 25, 2006, Ex. L to Pl.'s Mot. Compel.)

On October 12, 2006, Plaintiff's counsel sent another letter to defense counsel indicating that Plaintiff still maintained that Defendant had waived its objections as a result of its failure to object in a timely manner, but also arguing that each of Defendant's objections to Plaintiff's discovery requests was lacking in merit, and asserting that Defendant should supplement its responses to those requests. (Steigman Letter, Oct. 12, 2006, Ex. M to Pl.'s Mot. Compel.)  This letter was Plaintiff's first response to the merits of Defendant's objections to Plaintiff's discovery requests.  Plaintiff also raised, for the first time, the difficulty in securing expert testimony prior to receiving all of the documents and information requested from Defendant. (Id.)  In that letter, Plaintiff's counsel requested that Defendant respond on or before October 20, 2006. (Id.)

On October 19, 2006, defense counsel sent an email to Plaintiff's counsel stating that it was "possible" that Defendant's response to Plaintiff's letter would arrive after the proposed October 20, 2006 deadline set by Plaintiff's counsel. (Nuccio email, Oct. 19, 2006, Ex. N to Pl.'s Mot. Compel.)  On that same date, Plaintiff's counsel replied to this email and requested a specific date by which Plaintiff would receive a response to his letter of October 12, and stated that if defense counsel did not provide a specific date, Plaintiff would seek the Court's assistance in obtaining Defendant's responses. (Steigman email, Oct. 19, 2006, Ex. O to Pl.'s Mot. Compel.)  Plaintiff's counsel noted that responses were required in order for him to meet the

5

parties' agreed-upon October 31, 2006 deadline for disclosing expert witnesses, and asked whether Defendant would consent to an extension of time for Plaintiff to disclose his expert witnesses. (Id.)  Defense counsel responded that same day, stating that Plaintiff would receive Defendant's responses "next week." (Nuccio email, Oct. 19, 2006, Ex. P to Pl.'s Mot. Compel.) Defense counsel also refused to consent to Plaintiff's request for an extension of time, stating that "Defendant has already produced all information necessary for Plaintiff's expert report." (Id.)

On October 20, 2006, before receiving Defendant's responses, Plaintiff filed his Motion to Compel.  Further, on October 25, 2006, Plaintiff filed a Motion for Extension of Time to Disclose Experts and Provide Damages Analysis, arguing that he will not have the information necessary to make a full expert witness disclosure until after Defendant produces all of the information requested by Plaintiff, and requesting an extension of thirty days after Defendant produces the information requested to disclose his expert witnesses and provide a damages analysis.  The parties participated in a settlement/status conference with this Court on November 3, 2006, Defendant responded to Plaintiff's Motion to Compel on November 10, 2006, and Plaintiff filed a reply brief in support of his Motion to Compel on November 27, 2006.  Since the filing of Plaintiff's Motion to Compel, Defendant has "responded in full" to Plaintiff's October 12, 2006 letter and has provided additional document production, thus rendering moot some of the issues raised in Plaintiff's motion.

## II.   STANDARD OF REVIEW

The scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure is very broad, "encompassing any matter that bears on, or that reasonably could lead to other matter that

could bear on, any issue that is or may be in the case." Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 114 (2d Cir. 1992) quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

If a party fails to respond or objects to discovery, Rule 37(a) of the Federal Rules of Civil Procedure provides that the requesting party may, "upon reasonable notice to other parties and all persons affected thereby," move to compel compliance. Moreover, Rule 37(d) provides, in pertinent part, that:

> If a party . . . fails . . . to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. . . . In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d). As referenced in Rule 37(d), subsection (b)(2) of that rule lists some of the sanctions that a court may impose for a party's failure to properly comply with discovery requests. Permissible sanctions include, but are not limited to:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

>   (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party . . . .

Fed. R. Civ. P. 37(b)(2)(A)-(C).

### III.   DISCUSSION

In his motion to compel, Plaintiff requests that the Court issue an order declaring that all of Defendant's objections have been waived, or in the alternative, that Defendant's objections are improper, unsupported and without merit, and directing Defendant to fully respond to each of Plaintiff's discovery requests. Additionally, Plaintiff requests that this Court award Plaintiff the attorneys' costs and fees incurred in the filing of this motion.

####   A.   Waiver

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, a party must answer or object to interrogatories within thirty days after the service of the interrogatories. Fed. R. Civ. P. 33(b)(3). The rule also provides that "[a]ny ground [for an objection to an interrogatory] not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." Id. 33(b)(4). These time limits are mandatory and are important to the speedy resolution of cases. Indeed, as noted by the court in Billups v. West, No. 95 Civ. 1146, 1997 WL 100798 (S.D.N.Y. Mar. 6, 1997),

>   The time limits set forth in the Federal Rules of Civil Procedure are not optional. They are mandatory for all litigants—large or small, public and private. Litigants simply do not have unbridled, unilateral discretion to decide when they will respond to discovery requests. The very notion of such a chaotic system would make it impossible for cases to be resolved in a "just, speedy, and inexpensive" manner contemplated by Rule 1 of the Federal Rules of Civil Procedure.

Id. at *2. The Billups court also noted, however, that "[t]he propriety of such ruling [regarding waiver of objections] must . . . be evaluated in the context of the entire case." Id. at *4; see also

Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1068 (2d Cir. 1979) (noting that discovery "sanctions must be weighed in light of the full record in the case").  The majority of courts follow the general rule that objections are waived if they are not made within thirty days of service, unless the answering party has sought leave of court to make an untimely objection, or unless "good cause" is shown. See Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981); Travelers Indem. Co. v. Joseph Davis, Inc., No. 05CV870A, 2006 U.S. Dist. LEXIS 82905, * (W.D.N.Y. Nov. 14, 2006); Lohrenz v. Donnelly, 187 F.R.D. 1, 5 (D.D.C. 1999); Billups, 1997 WL 100798, at *2; Smith v. Conway, 154 F.R.D. 73, 76 (S.D.N.Y.1994); Scott v. Arex, Inc., 124 F.R.D. 39, 41 (D.Conn.1989); Turick v. Yamaha Motor Corp., 121 F.R.D. 32, 36 (S.D.N.Y.1988); Sturdevant v. Sears, Roebuck & Co., 32 F.R.D. 426, 428 (W.D. Mo. 1963); 8A CHARLES A. WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2173 (2d ed. 1994) ("In the absence of an extension of time, failure to object within the time fixed by the rule is a waiver of any objection.").

     Plaintiff argues that by failing to object to its discovery requests within thirty days of service, Defendant has waived any objections thereto.  Defendant argues that its objections were not waived because (1) it served objections to ninety-three document requests and seventeen interrogatories less than eleven weeks after the requests were served; (2) Defendant kept Plaintiff apprised of the status of its discovery responses and produced more than 500 responsive documents before serving formal written discovery responses; (3) Plaintiff has not been prejudiced by the delay; and (4) Plaintiff likewise delayed in fully complying with his discovery obligations by, for example, failing to produce medical authorizations until more than ten weeks after they were requested.

9

Although the background set forth by the parties indicates that they were communicating with regard to the responses, Defendant has presented no "good cause" for excusing its failure to object within thirty days of the date the discovery requests were served or to seek leave from the Court for an extension of time to respond. The fact that there were ninety-three document requests and seventeen interrogatories does not provide a basis under Rule 33 for excusing a timely response. Likewise, the fact that Plaintiff was kept apprised of Defendant's progress—while professionally courteous—does not excuse compliance with the Federal Rules. The question of whether Plaintiff has been prejudiced by the delay is not made relevant by Rule 33, which asks only whether Defendant has shown "good cause" for failure to comply. Finally, Plaintiff's delay does not provide an excuse for Defendant's tardiness, but is an entirely separate matter. In sum, Defendant's arguments do not show "good cause" for its failure to fully respond to Plaintiff's discovery requests until six weeks after the expiration of the thirty-day response period provided for in Rule 33.

The fact that the parties engaged in a considerable amount of discussions suggests that a more lenient approach might be appropriate, however, there is no suggestion here that Defendant made an effort to preserve its right to file objections and no implication that Plaintiff agreed to an extension of time to do so. Defendant had every opportunity to move for an extension of time to file its discovery responses, but failed to do so. Because the Court can find no good cause for excusing compliance with the discovery rules, Defendant's objections to Plaintiff's discovery requests are overruled.

**B.     Attorney's Fees and Costs**

Federal Rule of Civil Procedure 37 provides that if a party fails to serve answers to

interrogatories,

> In lieu of any order or in addition thereto, the court **shall** require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure **unless** the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d) (emphasis added).  Moreover, District of Connecticut Local Rule 37(d)(4) provides that:

> Where a party has sought or opposed discovery which has resulted in the filing of a motion, and that party's position is not warranted under existing law and cannot be supported by good faith argument for extension, modification or reversal of existing law, sanctions **will** be imposed in accordance with applicable law.  **If** a sanction consists of or includes a reasonable attorney's fee, the amount of such attorney's fee shall be calculated by using the normal hourly rate of the attorney for the party in whose favor a sanction is imposed, unless the party against whom a sanction is imposed can demonstrate that such amount is unreasonable in light of all the circumstances.

D. Conn. Loc. Civ. R. 37(d)(4).  Neither rule makes the award of attorney's fees mandatory—both give the courts discretion to award other sanctions in lieu of an attorneys' fee or to make the determination that the "failure was substantially justified or that other circumstances make an award of expenses unjust."  This Court has already imposed a sanction on Defendant—namely, waiver of its objections to Plaintiff's discovery requests.  In light of that sanction and the fact that Defendant communicated with Plaintiff throughout the discovery process thus far, this Court will not order Defendant or its counsel to pay attorney's fees to Plaintiff.

IV.    **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Compel [Doc. No. 19] is **granted**.  Defendant shall serve complete responses to each of Plaintiff's discovery requests on Plaintiff on

11

or before December 15, 2006.  Moreover, Plaintiff's Motion for Extension of Time to Disclose Experts and Provide Damages Analysis [Doc. No. 20] is **granted in part**.  Plaintiff is shall disclose his expert witnesses and provide a damages analysis on or before January 2, 2006.

SO ORDERED.

Dated at New Haven, Connecticut, November  30 , 2006.

/s/
Peter C. Dorsey, U.S. District Judge
District of Connecticut