UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAUL BERUBE, : | |
|     Plaintiff, : | |
| : | |
|     -vs- : | Civil No.  3:06cv197 (PCD) |
| : | |
| GREAT ATLANTIC & PACIFIC TEA : | |
| COMPANY, INC., : | |
|     Defendant. : | |

**RULING ON DEFENDANT'S MOTION FOR RECONSIDERATION**

Defendant moves, pursuant to Federal Rule of Civil Procedure 60(b) and Local Rule 7(c), for reconsideration of this Court's Ruling on Plaintiff's Motion to Compel, entered on November 30, 2006. Defendant asks this Court to reconsider the Ruling only with respect to the scope of four discovery requests: Interrogatory No. 17 and Request for Production Nos. 57, 88 and 92 (the "Requests at Issue"), which each incorporate Interrogatory No. 17 by reference. For the reasons stated herein, Defendant's Motion for Reconsideration [Doc. No. 27] is **granted**, however, upon reconsideration, the prior ruling is adhered to.

**I.     BACKGROUND**

Plaintiff served his First Set of Interrogatories and Requests for Production on Defendant on June 28, 2006. On October 20, 2006, after a number of communications between the parties, Plaintiff filed a Motion to Compel, seeking responses to its First Interrogatories and Requests for Production and arguing that because Defendant did not object or respond to Plaintiff's discovery requests within the thirty days required under the Federal Rules of Civil Procedure and the Local Rules, any objections are waived and Defendant is required to fully respond to each of Plaintiff's discovery requests. This Court granted Plaintiff's motion on November 30, 2006, holding that

Defendant, by failing to respond or object to Plaintiff's discovery requests within thirty days or requesting an extension of time to do so, waived its objections to Plaintiff's discovery requests and is required to provide full and complete responses to Plaintiff's First Set of Interrogatories and Requests for Production on or before December 15, 2006.  In so holding, it was found that Defendant did not present "good cause" for excusing its failure to object within thirty days of the date the discovery requests were served or to seek leave from the Court for an extension of time to respond. (See Ruling on Pl.'s Mot. Compel 10.)  Because this Court ruled in Plaintiff's favor on the first issue and overruled all of Defendant's objections on the basis that they were waived, there was no need to consider Defendant's objections on the merits.

Discovery is currently scheduled to close on January 29, 2007, however, Plaintiff has been unable to take depositions of witnesses in this case because Defendant has refused to produce information and documents that Plaintiff requested in June of 2006.  Indeed, since this Court's Ruling on Plaintiff's Motion to Compel, Defendant has already filed two motions for extension of time and the instant Motion for Reconsideration. Defendant filed its First Motion for Extension of Time to comply with the Ruling on December 12, 2006, requesting an additional forty-five days to respond to the Requests at Issue, and an additional fifteen days to respond to the remainder of Plaintiff's discovery requests.  That motion was granted on December 15, 2006.  Defendant filed the instant Motion for Reconsideration on December 15, 2006.  Defendant filed its Second Motion for Extension of Time on January 2, 2007, requesting a two-week extension of time, up to and including January 16, 2007, to complete its document production.

II.  **STANDARD OF REVIEW**

Reconsideration will generally only be granted when a party can point to "an intervening

change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted) (cautioning that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again"). Reconsideration should therefore be granted when a "party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). This Court will not grant a motion to reconsider "where the moving party seeks solely to relitigate an issue already decided," to "plug gaps in an original argument or to argue in the alternative once a decision has been made." Id.; Horsehead Res. Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc., 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (citations omitted). The standard for granting a motion for reconsideration is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court. Shrader, 70 F.3d at 257. Ultimately, however, the question is a discretionary one and the court is not limited in its ability to reconsider its own decisions prior to final judgment. See Virgin Atl., 956 F.2d at 1255.

### III.   DISCUSSION

Defendant argues that reconsideration is necessary because the original ruling did not take into account the extremely burdensome and highly irrelevant nature of the Requests at Issue. Specifically, Defendant argues that the requests require Defendant to review 757 personnel files of current and former employees to determine whether any of these employees received any verbal warnings, written warnings or suspensions. Out of these 757 employees, 662 are/were clerks and cashiers, subject to a collective bargaining agreement ("CBA") which Defendant

contends does not apply to co-managers and store managers, such as Plaintiff.  Defendant does not, however, address the holding on which this Court's Ruling was based.  Rather, Defendant seeks reconsideration on the basis of objections that have already, in a general nature, been overruled.  Moreover, Defendant does not point to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl., 956 F.2d at 1255.

Defendant contends that reconsideration is appropriate because this Court failed to "take into account the extremely burdensome and highly irrelevant nature of the Requests at Issue" and "overlooked the Herculean nature of this task." (Def.'s Mem. Supp. Mot. Recons. 3, 5.) Although Defendant made the same general argument in the original Motion to Compel, the fact that it is forced to review more than 757 personnel files, including 662 files of non-management employees, in order to comply with the discovery requests was not raised in the original motion.  Even if this fact had been raised, however, it does not change this Court's ultimate holding, i.e., that all of Defendant's objections to Plaintiff's discovery requests have been waived.

Defendant also again presents the argument that reconsideration should be granted because the information and documents requested by Plaintiff in the discovery requests at issue are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  This argument was rejected in this Court's initial Ruling, and Defendant presents no reason justifying a different decision now.  Specifically, Defendant argues that 662 of the 757 employees within the scope of the Requests at Issue are/were clerks and cashiers, subject to a CBA which sets forth, *inter alia*, specific procedures for discipline of union employees, including issuance of verbal warnings, written warnings and suspensions.  Defendant contends that co-managers and

store managers, including Plaintiff, are not subject to the CBA, and therefore Plaintiff cannot support his discrimination claim by showing that he was treated differently from clerks and cashiers.  Plaintiff argues, however, that the progressive discipline procedures outlined in the CBA applied to all employees, and he testified at his deposition that he was told when he became a manager that he was entitled to progressive discipline. (See Pl.'s Mem. Opp. 12-13; Berube Dep. at 65:19-69:13, Nov. 7, 2006, Ex. A to Pl.'s Mem. Opp.)  Defendant's contention that its managers were not entitled to progressive discipline is a disputed issue of material fact which cannot be resolved without more factual development.  Discovery is not appropriately denied on the facts presented.

**IV.    CONCLUSION**

For the foregoing reasons, Defendant's Motion for Reconsideration [Doc. No. 27] is **granted**, however, upon reconsideration, the prior ruling is adhered to.  This Court will, however, **grant** Defendant's Second Motion for Extension of Time [Doc. No. 34].  Defendant shall produce full and complete responses to Plaintiff's discovery requests on or before January 16, 2007.

SO ORDERED.

Dated at New Haven, Connecticut, January  3 , 2007.

/s/
Peter C. Dorsey, U.S. District Judge
District of Connecticut