# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|                                         |   |                       |
|-----------------------------------------|---|-----------------------|
| PAUL BERUBE,                            | : |                       |
|     Plaintiff,      | : |                       |
|                                         | : |                       |
| v.                                      | : | CIVIL ACTION NO.      |
|                                         | : | 3:06-cv-00197 (VLB)   |
| GREAT ATLANTIC & PACIFIC TEA            | : |                       |
| COMPANY, INC.,                          | : |                       |
|     Defendant.      | : | February 25, 2008     |

## MEMORANDUM OF DECISION
## ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Doc. #65]

The plaintiff, Paul Berube, filed this action against the defendant, Great Atlantic & Pacific Tea Company, Inc. ("A&P"), following the termination of his employment as a liquor store manager. Berube claims that his termination violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq., and the Connecticut Fair Employment Practices Act (CFEPA), Conn. Gen. Stat. § 46a-51 et seq. Berube also states three Connecticut common law causes of action for breach of contract, promissory estoppel, and negligent misrepresentation. A&P has filed a motion for summary judgment as to all of Berube's claims. For the reasons given below, A&P's motion is GRANTED as to all of Berube's federal claims. Berube's state law claims are DISMISSED without prejudice to refiling in state court.

The following undisputed facts are relevant to A&P's motion for summary

judgment.  Berube began working for A&P in 1969 and was promoted to liquor store manager in 1985.  In the first half of 2003, A&P changed its method of recording inventory and ordered all of its managers to use the new method.  Subsequently, in September 2003, A&P audited Berube's store and discovered that he was still using the old inventory method.  Berube's supervisor then transferred him to a smaller store.  When A&P audited Berube's work at the smaller store in November 2003, it discovered that he was continuing to use the old inventory method.  A&P decided to terminate Berube's employment in December 2003.

Berube then filed this action, claiming that A&P had terminated him because of his age and disabilities.  At the time of his termination, Berube was about 53 years old and had diabetes and high blood pressure.  He had also received treatments for skin cancer during the summer of 2003.  However, Berube's medical condition had not required him to miss work for a significant amount of time as of the date of his termination, nor did it affect his ability to perform his job duties.  Berube points out that he told his supervisor about his medical condition in 2003, and he also alleges that other higher-level managers must have known about his condition because his medical expenses were covered by the health insurance that A&P provided.

A&P moves for summary judgment on the ground that Berube has not discovered any evidence tending to show that it terminated him because of his age and medical condition.  Summary judgment "should be rendered if the

pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court "construe[s] the evidence in the light most favorable to the non-moving party and . . . draw[s] all reasonable inferences in its favor." Huminski v. Corsones, 396 F.3d 53, 69-70 (2d Cir. 2004). "[I]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party, summary judgment must be denied." Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH, 446 F.3d 313, 315 (2d Cir. 2006). "The moving party bears the burden of showing that he or she is entitled to summary judgment." Huminski, 396 F.3d at 69. "[T]he burden on the moving party may be discharged by 'showing'—that is pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." PepsiCo, Inc. v. Coca-Cola Co., 315 F.3d 101, 105 (2d Cir. 2002). "If the party moving for summary judgment demonstrates the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor." Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp., 302 F.3d 83, 91 (2d Cir. 2002).

"To withstand a motion for summary judgment, a discrimination plaintiff must withstand the three-part burden-shifting [test] laid out by McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973) . . . . In a nutshell, a plaintiff first bears the 'minimal' burden of setting out a prima

facie discrimination case, and is then aided by a presumption of discrimination unless the defendant proffers a legitimate, nondiscriminatory reason for the adverse employment action, in which event, the presumption evaporates and the plaintiff must prove that the employer's proffered reason was a pretext for discrimination." <u>McPherson v. New York City Dept. of Education</u>, 457 F.3d 211, 215 (2d Cir. 2006). "The plaintiff must first establish a prima facie case by demonstrating that: (1) [he] is a member of a protected class; (2) [his] job performance was satisfactory; (3) [he] suffered [an] adverse employment action; and (4) the action occurred under conditions giving rise to an inference of discrimination." <u>Demoret v. Zegarelli</u>, 451 F.3d 140, 151 (2d Cir. 2006).

In order to establish his prima facie case, Berube relies on A&P's alleged knowledge of his age and medical condition to raise an inference of discrimination in his termination. In Berube's view, A&P terminated him because the company probably prefers to employ younger managers without medical problems. Berube's complaint fails to allege any facts in support of his viewpoint other than A&P's mere knowledge of his age and health.

As to Berube's age, the record reflects that the employees who assumed his job duties after his termination were two to five years younger. "In the age discrimination context, such an inference [of discriminatory intent] cannot be drawn from the replacement of one worker with another worker insignificantly younger." <u>O'Connor v. Consolidated Coin Caterers Corp.</u>, 517 U.S. 308, 313 (1996). Because Berube has made no concrete allegations that his age motivated

A&P to terminate him, he cannot establish a prima facie case of age discrimination.  "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment."  <u>Lipton v. Nature Co.</u>, 71 F.3d 464, 469 (2d Cir. 1995).  "[P]urely conclusory allegations of discrimination, absent any concrete particulars, are insufficient."  <u>Cameron v. Community Aid For Retarded Children, Inc.</u>, 335 F.3d 60, 63 (2d Cir. 2003).  The same principles apply to Berube's reliance on A&P's alleged knowledge of his health problems.  There are no concrete allegations in Berube's complaint that his health problems motivated A&P to terminate him.  Accordingly, Berube has also failed to establish a prima facie case of disability discrimination.  The circumstances of his termination simply do not give rise to an inference of illegal discrimination.

Berube's final federal claim is that his termination deprived him of employer-paid health insurance in violation of section 510 of ERISA, 29 U.S.C. § 1140.  Consistent with his age and disability discrimination claims, Berube has not made any specific allegations that his loss of benefits motivated A&P to terminate him.  "An essential element of plaintiff's proof under the statute is to show that an employer was at least in part motivated by the specific intent to engage in activity prohibited by § 510. . . .  [N]o ERISA cause of action lies where the loss of pension benefits was a mere consequence of, but not a motivating factor behind, a termination of employment."  <u>Dister v. Continental Group, Inc.</u>, 859 F.2d 1108, 1111 (2d Cir. 1988).  The record indicates that Berube lost his

benefits as a consequence of his termination, but there is no evidence that A&P intended to deprive him of his benefits. A&P is therefore entitled to summary judgment on Berube's ERISA claim.

A&P's motion for summary judgment [Doc. #65] is GRANTED as to all of Berube's federal claims. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Berube's state law claims. Those claims are DISMISSED without prejudice to refiling in state court. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

_____/s/_____
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: February 25, 2008.